IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN Y.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 4676 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Susan Y.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On March 29, 2019, Plaintiff filed claims for DIB and SSI, alleging disability since March 1, 2019. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on December 17, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 12, 2021, the ALJ denied Plaintiff's claims for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 1, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: obesity; fibromyalgia; and plantar and calcaneal spurs. The ALJ concluded at step three

that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: occasional climbing ramps and stairs, balancing, and stooping; no kneeling, crouching, or crawling; no climbing ladders, ropes, or scaffolds; no working around unprotected heights, open flames, or unprotected dangerous moving machinery; no concentrated exposure to dusts, flumes, gases, or poor ventilation; and limited to work in an environment with no more than moderate noise levels (*i.e.*, office level noise). At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as an order clerk, accounting clerk, and dispatcher, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

4

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ reached an incomplete RFC assessment; and (2) the ALJ improperly discounted Plaintiff's subjective symptom allegations.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ failed to properly account for her documented problems with fatigue. Defendant has not substantively responded to Plaintiff's argument in that regard. However, Plaintiff's problems with fatigue related to her fibromyalgia are documented throughout the record. (*See* R.63, 66, 68-70, 75, 78, 80-82, 89, 94-96, 98-100, 104, 109-111, 113-115, 131, 135, 139, 244, 249, 280-283, 311, 346, 396, 409, 422, 458, 469, 482, 498, 562, 565, 574, 577, 580, 583, 586, 589, 619, 661, 672 681.) Despite Plaintiff's fatigue issues, the ALJ's decision only mentions fatigue in passing twice –

once with respect to Plaintiff's diabetes and once with respect to Plaintiff's allegations. The ALJ's decision does not offer any analysis on the topic.

The Court agrees with Plaintiff that the ALJ's evaluation of her fatigue falls short of what is required. In light of Plaintiff's documented issues with fatigue, the ALJ was required to fulsomely "discuss [the claimant's] fatigue and how it might affect her job performance." *Holland v. Barnhart*, No. 02 C 8398, 2003 U.S. Dist. LEXIS 15599, at *24-25 (N.D. Ill. Sep. 4, 2003). The ALJ did not do that. Merely acknowledging Plaintiff's fatigue without analysis is insufficient. *See Collins v. Berryhill*, No. 17 C 3589, 2018 U.S. Dist. LEXIS 114090, at *10 (N.D. Ill. July 10, 2018); *Lopez v. Berryhill*, 340 F. Supp. 3d 696, 701 (N.D. Ill. 2018). The ALJ's failure to properly account for Plaintiff's fatigue requires that this matter be remanded. *See Allen v. Astrue*, No. 06-CV-4660, 2008 U.S. Dist. LEXIS 109559, at *33-34 (N.D. Ill. Nov. 13, 2008) ("Despite these numerous references [to fatigue], it is unclear if, or to what extent, ALJ White considered Allen's fatigue in concluding that he has the residual functional capacity to perform light work with certain specified limitations. On remand, the ALJ must discuss how Allen's fatigue affects his ability to work.") (citations omitted).

Plaintiff also argues that the ALJ erroneously failed to "address [Plaintiff's] inability to sit for prolonged periods or her need to change positions, which is at odds with the ALJ's finding that [Plaintiff] could sit for at least six hours per day." (Pl.'s Memo. at 9.) Pertinent to that argument, Plaintiff testified that she can only sit in an office chair for 30 to 45 minutes at a time. (R. 49.) Defendant does not

7

address that testimony nor substantively respond to Plaintiff's argument regarding her sitting restrictions. The ALJ also did not address Plaintiff's sitting restrictions, noting only once that Plaintiff's primary care physician opined that Plaintiff could sit less than two hours of a day. (*Id.* at 21.) However, the ALJ did not specifically address that opinion nor provide any other analysis regarding Plaintiff's sitting restrictions. The Court agrees with Plaintiff that the ALJ erred in failing to account for Plaintiff's asserted inability to sit for prolonged periods.

As stated above, the ALJ determined that Plaintiff could perform sedentary work with additional restrictions. (R. 18.) Generally, sedentary work "requires sitting for 6 hours and standing and/or walking for 2 hours during an 8-hour workday." *Collins v. Astrue*, 324 F. App'x 516, 517 (7th Cir. 2009) (citation omitted). Crucially, an ALJ is required to "explain the basis for concluding that [a] Plaintiff is able to stand, walk, and sit as required to perform sedentary work." *Bruce B. v. Saul*, No. 19 C 2639, 2021 WL 1253447, at *3 (N.D. Ill. Apr. 5, 2021). The ALJ erred by not doing that here, particularly with respect to Plaintiff's sitting abilities and her testimony regarding her sitting restrictions. *See Corral v. Berryhill*, No. 16 C 4315, 2017 WL 3070722, at *9 (N.D. Ill. July 19, 2017) ("But ALJ Supergan did not adequately explain why she rejected Corral's allegation that he cannot sit or stand for long periods of time, a limitation that was also proffered by two medical experts and Koite."); *Fox v. Colvin*, No. 14 C 4432, 2016 WL 4548999, at *8 (N.D. Ill. Sept. 1, 2016) ("In her decision, however, the ALJ did not discuss any of the evidence regarding Plaintiff's inability to sit, nor did she rely on any medical opinion as to

8

that ability, and simply concluded that – by inference – Plaintiff's ability in this area was unlimited. This was improper."). The ALJ's error in that regard is another issue requiring that this matter be remanded. *See DeJohnette v. Colvin*, No. 13 C 1787, 2015 WL 9315536, at *7 (N.D. Ill. Dec. 23, 2015) ("[B]ecause without an explicit discussion of these alleged limitations [regarding sitting and standing] it is impossible to determine whether the ALJ evaluate[d] all limitations that arise from medically determinable impairments, even those that are not severe, remand is appropriate.") (citation and internal quotations omitted); *Washington v. Colvin*, No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) ("Though the ALJ minimally articulated why she found Washington's alleged inability to walk and stand to be incredible, she made no reference to Washington's testimony regarding her inability to sit. This lack of analysis warrants reversal."); *Hager v. Berryhill*, No. 17 CV 7772, 2018 WL 4095095, at *4 (N.D. Ill. Aug. 28, 2018) (remand required where "[t]he ALJ failed to analyze Plaintiff's claims that he cannot sit or stand for prolonged periods, that he cannot sit for longer than 45 minutes at a time, and that he cannot stand for longer than five minutes at a time").

    Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the

9

entirety of Plaintiff's RFC is properly derived and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary remand [Doc. No. 17] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 22] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**       **ENTERED:**

**DATE:**    **February 22, 2023**      _____
                                                             **HON. MARIA VALDEZ**
                                                             **United States Magistrate Judge**